IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Cheryl B. Faile, ) | |
| ) | C/A No.: 4:06-2296-JFA-TER |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought by the plaintiff, Cheryl B. Faile, pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be reversed under sentence four of 42 U.S.C. § 405(g); and remanded to the Commissioner for further proceedings. The parties were advised of their right to file

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

objections to the Report and Recommendation. The plaintiff has not filed objections within the time limits prescribed by the local rules of this district. However, the defendant filed a notice stating that he would not file objections to the Report. Thus, it appears the matter is ripe for review by this court.

I.   BACKGROUND AND PROCEDURAL HISTORY

The plaintiff applied for disability insurance benefits ("DIB") on March 27, 2003, alleging inability to work since January 14, 2003 due to fibromyalgia and temporomandibular joint dysfunction. She was 48 years old at the time of the hearing before the Administrative Law Judge ("ALJ"). She has at least a high school education and has worked in the past as a school liaison and teacher's aide.

The plaintiff's applications for DIB were denied initially and upon reconsideration. She was granted a hearing before an ALJ who concluded that plaintiff had the residual functional capacity to perform light, unskilled work. The Appeals Council adopted the ALJ's decision denying benefits, making it the Commissioner's final decision on June 22, 2006.

II.   STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of that Act provides: "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th

Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See, e.g., Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As noted by Judge Sobeloff in Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

III.  DISCUSSION

    A.  *The ALJ's Findings*

In his decision of April 7, 2006, the ALJ made the following findings:

    1.  The claimant last met the insured status requirements of the Social Security Act on December 31, 2008 [sic].

    2.  The claimant has not engaged in substantial gainful

3

activity at any time relevant to this decision (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairment: fibromyalgia (20 CFR §§ 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Appendix 1, Subpart P, (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work. She can lift up to 20 pounds occasionally and 10 pounds frequently. She is limited to unskilled work because of pain.

6. The claimant is unable to perform past relevant work (20 CFR 404.1565).

7. The claimant was born September 3, 1957, and was 45 years old at the alleged onset date, which is defined as a younger individual age 18-44 (CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1464).

9. Transferability of job skills is not an issue in this case (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are unskilled jobs that exist in significant numbers in the national economy that the claimant could perform (20 CFR 404.1560(c) and 404.1566).

11. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(g)).

B.      *Arguments of the Plaintiff and Commissioner*

The plaintiff contends that: (1) the ALJ failed to give controlling weight to the opinion of her treating physician without any contradictory medical evidence; (2) the ALJ improperly shifted the burden of proof back to the plaintiff after he found that plaintiff was not able to return to her prior work activity; and (3) the ALJ did not have all the medical records before him when he made his decision denying the plaintiff benefits.

Specifically, the plaintiff contends that her treating physician, rheumatologist Dr. Glenn McCain, is a recognized expert in the field of fibromyalgia. Plaintiff asserts that Dr. The plaintiff argues that Dr. McCain's opinion should have been given controlling weight absent any other persuasive contrary evidence. Moreover, contends the plaintiff, Dr. McCain's assessment that the plaintiff has normal power, tone and coordination is irrelevant to the plaintiff's severe pain in her soft tissue and muscle.

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the Commissioner's finding of non-disability should be upheld. The Commissioner contends that Dr. McCain's assessment of plaintiff's ability to work was not supported by his own office notes and that those notes show limited clinical findings other than the 18 tender points.

C.      *The Magistrate Judge's Report and Recommendation*

In his Report and Recommendation, the Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence as stated by the plaintiff. This

court incorporates such without a recitation.

Although not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive, contradictory evidence exists to rebut it. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). An ALJ must explain his reasons for disregarding a positive opinion of a treating physician that a claimant is disabled. DeLoatche v. Heck, 715 F.2d 148 (4th Cir. 1983).

The ALJ found that Dr. McCain's assessment was inconsistent with his own clinical findings because Dr. McCain did not identify the severity of any associated pain and did not indicate why the plaintiff's pain was disabling. The ALJ concluded that Dr. McCain's opinion of plaintiff's inability to work appeared to be based on the claimant's subjective complaints and not about the treating physician's objective findings.

The Magistrate Judge notes that the ALJ did not cite any treating physician's opinions contradicting Dr. McCain's opinion as her treating specialist. Nor did the ALJ cite persuasive contradictory evidence to support ignoring the opinions of the treating physicians or consider the additional medical evidence submitted from Dr. McCain.

Thus, the Magistrate Judge concludes that the ALJ did not correctly evaluate and analyze Dr. McCain's opinions as to the plaintiff's disability. Further, the Magistrate Judge suggests that the ALJ erred in not having a vocational expert at the hearing to testify concerning other work plaintiff might have been able to perform.

For these reasons, the Magistrate Judge recommends that the case should be remanded

to the Commissioner for an additional hearing to consider and analyze: (1) the treating physician's opinions pursuant to the Rules and to include consideration of all the medical evidence from Dr. McCain; (2) the plaintiff's nonexertional limitations as cited by her physician and uncontradicted by other medical evidence; and (3) whether there should have been vocational expert testimony.

IV.   CONCLUSION

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, and the Magistrate Judge's Report, the court finds the Report provides an accurate summary of the facts in the instant case and that the conclusions are proper.  The Magistrate Judge's findings are hereby specifically incorporated herein by reference.

Accordingly, this action is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and is remanded to the Commissioner for further proceedings as noted herein and in the Magistrate Judge's Report.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

February 7, 2008                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge